UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LORRAINE WOOD

07 277, ML

VS. CA NO: 07-

THE PROVIDENCE CENTER, L.T.D.; Alias
JEFFERSON PILOT FINANCIAL INSURANCE
COMPANY; Alias Individually and in its Capacity as Plan
Administrator

FILED
JUL 23 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**COMPLAINT IN CIVIL ACTION**

NOW COMES the Plaintiff, Lorraine Wood, by her attorney, Mark B. Morse, and sets forth the following:

**JURISDICTION AND VENUE**

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. '1140), 20 U.S.C. 1104 et seq., and all other applicable provisions of the Act to redress the termination of her Long-Term Disability Benefits, which was done pretextually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan. All acts alleged have occurred within the State of Rhode Island and within this judicial district.

**THE PARTIES**

1. Plaintiff is a citizen of the United States of America and resides at 261 Blood Avenue, Putnam, Connecticut. At all times material hereto, Plaintiff has been an employee of The Providence Center (hereinafter the Employer) since in or about April 4, 1991 as a medical office assistant.

2. Defendant The Providence Center, L.T.D. is a is a duly qualified employee benefit plan pursuant to 29 USC §1001 et. seq. which said plan is administered in the State of Rhode Island.

3. Defendant Jefferson Pilot Financial Insurance Company (herein Jefferson Pilot) , is a corporation engaged in the business of insurance with a principal place of business in Omaha, Nebraska, and which is authorized to do business in the State of Rhode Island.

4. Jefferson Pilot is the Plan Administrator of the Plan within the meaning of ERISA, and has authority pursuant to the terms of the Plan to determine whether beneficiaries of the Plan are entitled to long term disability benefits.

5. Defendant Jefferson Pilot in addition to being the Plan Administrator with the authority to determine whether beneficiaries are eligible for long term disability benefits, provides insurance coverage for the Plan, and is required pursuant to the terms of the Plan to pay Plan benefits to persons entitled to them.

## FACTUAL ALLEGATIONS

6. At all times material hereto, and since at least June 1, 2004, Jefferson Pilot issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff. A copy of the Plan is attached as Exhibit A.

7. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

8. Jefferson Pilot administers the Plan through the aforesaid policy it provides for the benefit of the Plan participants.

9. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

10. On or about June 1, 2004, Plaintiff sustained substantial injuries.

11. Since on or about June 2, 2004, Plaintiff has been on a medical leave of absence from her job.

12. Since June 2, 2004, Plaintiff has, variously been diagnosed with debilitating injuries and illnesses, including, congestive heart failure, angina, mitral valve disorders, essential hypertension, uncontrolled diastolic blood pressure, abnormal EKG, heart murmur, pulmonary valve disorder, severe tricuspid regurgitation, coronary artery disease, chronic ischemic heart condition, persistently elevated C-Reactive Protein, persistent dyspnea and edema, stenosis, coronary atherosclerosis, of native coronary artery, atherosclerosis of native arteries in the extremities, hypercholesterolemia, fibromyalgia, chronic fatigue syndrome, obstructive sleep apnea, asthma, chronic headache and sinusitis, recurrent pneumonia and bronchitis, gall bladder removal, esophageal spasms, hiatal hernia, Candida erythrites, severer chronic esophageal reflex, atrophic gastritis and gastroduodenitis, irritable bowel syndrome, fatty liver condition (non-alcoholic related), obesity, chronic constipation, falling arches, fractured metatarsal, fractured toe, and foot fracture, pedal edema, and foot deformity, angiomyolipoma, urinary stress incontinence, dysuria, intrinsic urethal sphincter deficiency, hematuria, renal colic, kidney stones, myopia, tear film insufficiency, light sensitivity and floaters, serous otitis media, allergic rhinitis, otalgia, eustachian tube dysfunction, chemosensory problems, inflamed seborrhea keratosis, alopecia, dermatits facitita, contact dermatitis, dry skin, yeast infections, bruxism, bleed history, angiomuolipoma, elevated anticardiolipines, pinched nerve, bilateral carpal tunnel syndrome and hip nerve compression. Addionally, Plaintiff suffers a number of debilitating symptoms due to the side effects of prescribed medication that renders her seriously and permanently disabled.

13. As a result of her injuries and illnesses, since on or about June 2, 2004, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

14. On or about December 2, 2004, following the applicable elimination period, the

Plaintiff became eligible for long term disability benefits through the Plan.

15. On or about March 11, 2004, Jefferson Pilot initially denied long term plan benefits to Plaintiff even though she was disabled within the meaning of the Plan.

16. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements and instructions in the initial letter of denial.

17. On or about September 21, 2005, Jefferson Pilot rendered a final denial of Plaintiff's appeal.

18. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

19. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

20. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants are obligated to pay same.

21. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

22. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

**COUNT I**

**(ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)**

23. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 22, inclusive, as if more fully set forth herein.

24. Jefferson Pilot is a fiduciary under ERISA and otherwise owes the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

25. Since on or about December 1, 2004, Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

26. Jefferson Pilot refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

27. The denial of Plaintiff's disability benefits by Jefferson Pilot constitutes a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

28. Jefferson Pilot has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

29. By virtue of the actions of Jefferson Pilot, the defendant has breached its fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

## COUNT II
## (BREACH OF CONTRACT)

30. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 29, inclusive, as if more fully set forth herein.

31. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which she gave adequate consideration by continuing to work, the Plan and Jefferson Pilot created a contract with the Plaintiff.

32. Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

32. In refusing to pay Plaintiff's Long-Term Disability Benefits, Jefferson Pilot and the Plan have breached the contract with Plaintiff causing her to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

Plaintiff requests a jury trial as to all Counts so triable before a jury and designates Mark B. Morse as trial counsel.

PLAINTIFF

By her Attorneys,
Law Office of Mark B. Morse

MARK B. MORSE, Esq.
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
mark@morselawoffice.com