UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE WOOD, Plaintiff | ) | C.A. No. 07-277/ML |
| v. | ) | |
| THE PROVIDENCE CENTER, L.T.D., et al., Defendants | ) | |

**ANSWER**

Defendants The Lincoln National Life Insurance Company f/k/a Jefferson Pilot Financial Insurance Company ("Lincoln National") and The Providence Center, L.T.D. (the "Plan") respond to the allegations of the complaint as follows:

FIRST DEFENSE

1. Answering the allegations of the paragraph captioned "Jurisdiction and Venue," state that the paragraph contains prefatory language for which no response is required. The paragraph also states legal conclusions for which no response is required. To the extent that a response is required, defendants deny the allegations of that paragraph.

2. Answering the allegations of paragraph 1, allege that plaintiff reported to defendants that she was an employee of The Providence Center since on or about April 4, 1991 as a medical office assistant; except as so alleged, lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of that paragraph.

3. Paragraphs 2 and 9 state conclusions of law for which no response is required; to the extent that a response is required, defendants admit the allegations of those paragraphs.

4. Admit the allegations of paragraph 3.

5. Answering the allegations of paragraph 4, allege that defendant Lincoln National is the claims administrator and, pursuant to the terms of the plan, is authorized to "determine Employees' eligibility for insurance and entitlement to benefits;" except as so alleged deny the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 5, allege that defendant Lincoln National, in addition to being claims administrator, issued group long term disability policy no. 000010026000 (the "Policy") to The Providence Center to fund benefits under defendant The Providence Center, L.T.D. employee welfare benefit plan (the "Plan") sponsored and maintained by The Providence Center; and that the terms of the Policy speak for themselves and require no further comment or interpretation by defendants; except as so alleged, deny the remaining allegations of that paragraph.

7. Answering the allegations of paragraph 6, allege that defendant Lincoln National issued the Policy to The Providence Center on May 1, 2003 to fund benefits under the Plan; except as so alleged, deny the remaining allegations of that paragraph.

8. Answering the allegations of paragraph 7, allege that plaintiff at all relevant times was a participant in the Plan; except as so alleged, deny the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 8, allege that defendant Lincoln National administers claims under the Plan pursuant to the terms of the Plan; except as so alleged, deny the remaining allegations of that paragraph.

10. Answering the allegations of paragraph 10, allege that plaintiff reported to defendant Lincoln National that she last worked on June 2, 2004; except as so alleged, deny the remaining allegations of that paragraph.

11. Answering the allegations of paragraph 11, allege that plaintiff reported to defendant Lincoln National that she last worked on June 2, 2004; except as so alleged, deny the remaining allegations of that paragraph.

12. Answering the allegations of paragraph 12, allege that plaintiff reported in the Employee Statement portion of her long term disability ("LTD") benefit claim that she was unable to work due to "fibromyalgia, degenerative disc (constant pain), major depression (emotional instability), low concentration level, high stress and anxiety levels;" except as so alleged, deny the remaining allegations of that paragraph

13. Deny the allegations of paragraphs 13, 18, 20, 21, 22 and 25-29.

14. Answering the allegations of paragraph 14, allege that on December 2, 2004, after the applicable elimination period, LTD benefits would have been payable had plaintiff satisfied all terms and conditions of the Plan for an award of LTD benefits; except as so alleged, deny the remaining allegations of that paragraph.

15. Answering the allegations of paragraph 15, allege that defendant Lincoln National, by letter dated March 11, 2005, initially denied plaintiff's claim for LTD benefits; except as so alleged, deny the remaining allegations of that paragraph.

16. Answering the allegations of paragraph 16, allege that plaintiff, by letter dated April 12, 2005, appealed the denial of her LTD claim; except as so alleged, deny the remaining allegations of that paragraph.

17. Answering the allegations of paragraph 17, allege that defendant Lincoln National, by letter dated December 27, 2006, finally denied plaintiff's claim for LTD benefits; except as so alleged, deny the remaining allegations of that paragraph.

18. Neither admit nor deny the allegations of paragraph 19, but leave plaintiff to her proof.

19. Repeat and reallege their responses to: paragraphs 1-22 in response to paragraph 23; and paragraphs 1-29 in response to paragraph 30.

20. Paragraphs 24 and 31 state conclusions of law for which no response is required; to the extent that a response is required, defendants deny the allegations of those paragraphs.

21. Answering the allegations of the first paragraph numbered 32, allege that the terms of the Policy and Plan speak for themselves and require no further comment or interpretation by defendants; to the extent that a response is required, defendants deny the allegations of that paragraph.

22. Deny the allegations of the second paragraph numbered 32.

SECOND DEFENSE

23. Plaintiff fails to state a claim upon which relief can be granted.

THIRD DEFENSE

24. Plaintiff's remedies are limited solely to those afforded by ERISA.

FOURTH DEFENSE

25. Plaintiff's claims are barred because defendants discharged their respective duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

FIFTH DEFENSE

26. Plaintiff's claims are barred because the actions of defendants were not arbitrary, capricious, unreasonable or made in bad faith.

SIXTH DEFENSE

27. Plaintiff's claim is barred by her failure to satisfy all terms and conditions of the Plan for an award of LTD benefits.

SEVENTH DEFENSE

28. The decisions of defendants with respect to plaintiff's claims are entitled to deferential review.

EIGHTH DEFENSE

29. Under the terms of the Plan, defendants are entitled to an offset based on any social security, workers' compensation or other income or benefits paid to plaintiff on account of disability.

NINTH DEFENSE

30. Plaintiff is not entitled to a trial by jury.

WHEREFORE, defendants The Lincoln National Life Insurance Company f/k/a Jefferson Pilot Financial Insurance Company and The Providence Center, L.T.D. demand judgment dismissing the complaint with prejudice and an award of fees and costs and such further relief as the Court may deem appropriate.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: September 14, 2007

## CERTIFICATE OF SERVICE

To:

Mark B. Morse, Esq.
Law Office of Mark B. Morse
111 Wayland Avenue
Providence, RI 02906

I hereby certify that I electronically filed this Answer on September 14, 2007. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Catherine A. Shaghalian