UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LORRAINE WOOD

VS. CA NO: 07-277ML

THE PROVIDENCE CENTER, L.T.D. and
JEFFERSON PILOT FINANCIAL INSURANCE
COMPANY

**PLAINTIFF'S RULE 16 CONFERENCE STATEMENT**

Elements of Plaintiff's Claims:

Plaintiff's Claim is for recovery of benefits due to her from an Providence Center Long Term Disability (LTD) Plan due to the debilitating medical condition of the Plaintiff. The Plan is one established by her Employer. Defendants are the Plan and the Plan Administrator. Her claims arise under the Employee Retirement Income Security Act (ERISA) 20 U.S.C. 1140, 20 U.S.C. 1104 *et. seq.* In order to establish her right to relief Plaintiff must establish:

COUNT I:ERISA VIOLATION

a) the Plan is an employer sponsored plan governed by the application of ERISA;

b) at applicable times Plaintiff has been a member of the Employee LTD Plan;

c) that the Plaintiff is disabled pursuant to the terms of the Plan;

d) that compensation for Plaintiff is provided under the Plan;

e) the Plaintiff has requested relief in accordance with the terms of the Plan,

f ) the Plaintiff has exhausted her administrative remedies in pursuing her request for relief

g) the Plan Administrator has failed to afford the relief requested of the Plaintiff pursuant to the provisions set forth by the Plan

29 U.S.C. § 1132, *Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998)

COUNT II: BREACH OF CONTRACT

a) the Plan is an employer sponsored plan governed by the application of ERISA;

b) at applicable times Plaintiff has been a member of the Employee LTD Plan;

c) Plaintiff has fulfilled the criteria for remittance of Plan benefits; particularly that she is disabled from full time employment and that compensation for her is provided for pursuant to the terms of the Plan;

d) Plaintiff has made a claim for Plan benefits pursuant to the terms of the Plan;

e) Defendant has failed to remit Plan benefits; and

f) Defendants' failure to remit Plan benefits was an abuse of discretion, or that there exists a conflict of interest that compels the Court to conduct a de novo review of the Plaintiff's disability.

29 U.S.C. § 1054, *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989); *Denmark v. Liberty Life Assur. Co. Of Boston*, 481 F.3d 16 (1st Cir. 2007)
.

PLAINTIFF
By her attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: Brooks R. Magratten, Esq.
Catherine A. Shaghalian, Esq.
Vettter & White

20 Washington Place
Providence, RI 02903

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: October 29, 2007 /s/ Mark B. Morse